UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:16-cr-136-FtM-38MRM

GEORGE VANCE THOMPSON, III

## **ORDER**[1]

Before the Court are pro se Defendant George Vance Thompson, III's letter motions for a sentence modification (Doc. 69) and early release from custody (Doc. 71). The Government opposes both motions. (Doc. 72). For the below reasons, the Court denies Defendant's motions.

On December 7, 2016, a federal grand jury indicted Defendant for drug and firearm offenses. A month later—January 13, 2017—Defendant was arrested per a writ of habeas corpus ad prosequendum. After losing a motion to suppress, Defendant pleaded guilty. Then, on August 1, 2017, the Court sentenced him to 66 months' imprisonment to run "*consecutive* with the anticipated term of imprisonment to be imposed in case no. 14CF17438, Lee Count [sic] Circuit Court, Lee County, Florida." (Doc. 59 at 2 (emphasis added). Defendant is currently serving his federal sentence at FCI Tallahassee and will be released in two years. (Doc. 72 at 2).

As best the Court can tell, Defendant now moves to modify his federal sentence to run *concurrent* with his state sentence. (Doc. 69). He claims that he has served 45

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

months of his 66-month sentence, but the Bureau of Prisons has only credited him for 33 months. Defendant thus wants the Court to "fix this for" him so he can get out of prison and take care of his children. (Doc. 69; Doc. 71). As support, Defendant says he has received his GED, attended parenting classes, completed a drug treatment program, and behaved while incarcerated. Defendant also argues that he does not want to spend anymore time in prison than necessary because of the COVID-19 pandemic.

Defendant does not stop there. He has filed a second motion asking for similar relief.[2] (Doc. 71). He reiterates all he has accomplished during his 45 months in prison and how much his children need him. He also represents that the Court said at his sentencing hearing the BOP will credit him for about 200 days that he served between arrest and sentencing (January 13, 2017 to August 1, 2017).

After considering the record, parties' arguments, 18 U.S.C. § 3553(a) factors, and other applicable law, the Court denies Defendant's motions. To the extent that he asks the Court to modify his sentence from consecutive to concurrent under 18 U.S.C. § 3582, it has no authority to do so. That statute says district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. There are exceptions to this rule, but none apply here. Once exception, however, is worth noting.

A court may reduce the term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). A court can consider a sentence reduction on a motion from either (a) the Director of the Bureau of

---

[2] In Defendant's second motion for a sentence modification (Doc. 71), he also asks for more time to file a reply brief in his pending motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 71). But Defendant must file such a motion in civil case, styled as *Thompson v. United States*, No. 2:18-cv-608-FtM-38NPM—not this case.

Prisons; or (b) "the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). Here, Defendant has not shown that he exhausted any administrative rights available to him before filing this motion. *See* 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. 571.61 (setting administrative procedures for making the request to the warden in writing); 28 C.F.R. 571.63 (setting administrative procedures for denial of a prisoner's request by warden). In fact, Defendant's motions are silent on the issue.

Even had Defendant exhausted his administrative remedies, he fails to show "extraordinary and compelling" reasons to warrant a sentence reduction. Any reduction for extraordinary and compelling circumstances must be consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). And courts rely on U.S.S.G. § 1B1.13, which lists four circumstances: serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Defendant relies on falls within the Commission's policy statement. Defendant mentions that his children need his help and that he risks losing them to "the system." (Doc. 69 at 3). But the vague allegations about his family are not enough, especially because he is only thirty-four years old and alleges no serious medical condition or deteriorating health. Moreover, general concerns about the COVID-19 pandemic do not constitute "extraordinary and compelling" reasons to reduce a sentence. *See, e.g.*, *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D.

3

Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

Accordingly, it is now

**ORDERED:**

(1) Defendant George Vance Thompson, III's construed letter motion for a sentence modification (Doc. 69) is **DENIED**.

(2) Defendant's motion for early release from custody (Doc. 71) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 9th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record